### No. 68

### LEHMAN, etc. v. NAT. QUARRIES CO.

Ohio Appeals, 3rd Dist., Allen Co.

No. 435. Decided Sept. 18, 1926

**1193. TRESPASS—1. No 'duty owed to trespasser except to refrain from wilful wrong doing.**

**2. Where plaintiff goes upon premises of defendant and takes a stick of dynamite, explosion of which causes his injury, he cannot base a claim for damages upon non-compliance of statute, by defendant, forbidding the keeping of dynamite on premises, unguarded and exposed; for the protection of those rightfully upon the premises, and not for the wrongdoers or trespassers.**

HUGHES, J.

The National Quarries Co. in operating its quarries had used dynamite and at the close of operations on one day, let lie exposed a stick of dynamite. Harold Lehman, a minor, in the act of trespassing, came upon the grounds of the Company and finding the stick of dynamite, stole the same and took it off the premises, ignited the fuse attached thereto, which resulted in an explosion and his injury.

The Allen Common Pleas, where suit was brought, directed a verdict in favor of the Company and error was prosecuted. The Court of Appeals held:

1. Actionable negligence exists only where one whose act causes or occasions the injury, owes to the injured person a duty.

2. It is well settled in Ohio that one owes no duty to a trespasser except to refrain from wilful wrongdoing. 102 OS. 176 at 183.

3. The plaintiff was not only a technical trespasser; but he committed a moral wrong in stealing the property of the Company and carrying it away.

4. While the statute forbidding the keeping of dynamite on premises, unguarded or exposed, is general, it seems improbable that the legislature should have enacted this law for the protection of one who is not only guilty of trespass; but also of actually stealing its property, the handling of which resulted in his injury.

5. "A violation of a statutory duty can be made the foundation of an action only by a person belonging to the class intended to be protected by such regulation. - - - Such statutes are designated for the protection, not of the wrongdoers or trespassers, but for those who are rightfully upon the premises.

Judgment affirmed.

CROW, J., concurring.

1. Granting the statute relied on by plaintiff to have been applicable to defendant at the time plaintiff was injured by the stick of dynamite which he had theretofore wrongfully carried from defendant's premises, the most that could possibly be claimed in plaintiff's behalf was that the violation of the statute by defendant constituted actionable negligence per se.

2. Plaintiff was then undoubtedly a trespasser as to defendant's property, the stick of dynamite, although not a trespasser on its premises.

3. In Ohio, one is not liable to a trespasser for negligence, and the statute on which plaintiff bases his action, has no effect, excepting to make defendant guilty of negligence.

Attorneys—J. K. Rockey for Lehman; Wheeler & Bentley for Company; all of Lima.

Note—OS. Pend. opinion will be found in 4 Abs, 804.